IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:19CR181 |
| v. | § | Judge Mazzant |
| | § | |
| CONRAD ROCKENHAUS | § | |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION TO RECONSIDER DETENTION

The United States files this response to the Defendant's Motion to Reconsider Order of Detention of Pending Trial (Dkt. No. 35). In his motion, the defendant cites numerous health concerns and requests the Court release him "under whatever terms and conditions the Court feels are appropriate." Dkt. No. 35 at 2.

After conferring with counsel for the defendant, the Government acknowledges the defendant's health issues and understands his need for additional medical care. As such, the Government does not oppose the defendant's request, but it would ask the Court enter an order requiring the defendant to enroll in an inpatient health program. The defendant has already stated that he is familiar with at least one such program administered by the United States Department of Veteran's Affairs. Dkt. No. 35 at 2.

Specifically, an ***inpatient*** health program requiring the defendant's full-time stay at a care facility would accomplish two key objectives: (1) it would allow the defendant to receive intensive and 24-hour medical care that the defendant apparently needs; and (2) it would keep the defendant from violating the Court's prior conditions of release relating to computer usage. This second objective is critical given the nature of the underlying crime

and the defendant's prior violations of the Court's orders.  In paragraph 5 of his motion, the defendant trivializes the reasons why the Court ordered his pre-trial detention.  While accessing the internet by itself is not a crime, violating this Court's orders and bypassing the Court's express monitoring conditions certainly can be.  Indeed, this is precisely why the Court revoked his pre-trial release.  Moreover, in a case where the underlying offense is a computer crime, such conduct is especially troubling.

For these reasons, the Government respectfully requests that the Court enter an order setting forth its prior conditions relating to computer use and monitoring as well as the defendant's mandatory enrollment in an inpatient health program in which he would receive 24-hour medical attention and supervision.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY


_____/s/_____
ANAND VARADARAJAN
Assistant United States Attorney
Texas State Bar No. 24088576
101 East Park Boulevard, Suite 500
Plano, Texas 75074
972-509-1201
Fax: 972-509-1209
Email:  anand.varadarajan@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed and served via CM/ECF to defense counsel on May 1, 2020.

_____*/s/*_____
ANAND VARADARAJAN